# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO: 3:14-cr-178-MMH-JBT-2

VERNON RASHAAD JIGGETTS     ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

     ☒ FACTORS CONSIDERED

Defendant Vernon Rashaad Jiggetts is a 31-year-old inmate incarcerated at Williamsburg FCI, serving a 130-month aggregate term of imprisonment for conspiracy to distribute methylone, marijuana, 500 grams or more of cocaine, and 28 grams or more of cocaine base, as well as using and carrying a firearm in relation to a drug trafficking crime. (Doc. 205, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October

30, 2024. Jiggetts seeks compassionate release because of the harsh prison conditions during the Covid-19 pandemic and because he claims his health is in "shambles" from a previous Covid-19 infection. (Doc. 253, Motion for Compassionate Release). Jiggetts argues that "the 'extraordinary and compelling' reasons upon which district courts may reduce a sentence are no longer limited to medical conditions, age and family circumstances. Rather, today, no limits exist as to the 'extraordinary and compelling' reasons that might warrant a sentence reduction" under § 3582(c)(1)(A). Id. at 2.

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Recently, the Eleventh Circuit Court of Appeals instructed that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act.

United States v. Bryant, No. 19–14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (published). Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Jiggetts has not demonstrated extraordinary and compelling reasons warranting a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. The United States Sentencing Commission has defined "extraordinary and compelling reasons" to mean: (A) a terminal illness affecting the defendant, or a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1. Jiggetts argues that district courts are free to independently define "extraordinary and compelling reasons" without regard to the policy statement. However, the Eleventh Circuit Court of Appeals

3

rejected this argument in United States v. Bryant. The court held that U.S.S.G. § 1B1.13 "is an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it," such that the policy statement's substantive definition of "extraordinary and compelling reasons" in Application Note 1 is still controlling. Bryant, 2021 WL 1827158, at *2. The court further instructed that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Id. As a result, a district court may not grant a defendant's motion under § 3582(c)(1)(A) unless his circumstances "fall within [one] of the reasons that 1B1.13 identifies as 'extraordinary and compelling.'" Id. at *15.

Here, Jiggetts has not alleged circumstances that fall within one of the reasons that § 1B1.13 identifies as "extraordinary and compelling." He seeks a reduction in sentence based on the harsh prison conditions created by Covid-19, but this circumstance does not fall within the policy statement's definition of "extraordinary and compelling reasons."[1] Jiggetts also seeks compassionate release because he contends that a previous Covid-19 infection left his health in "shambles" and that he would not survive another infection. The record shows that Jiggetts tested positive for Covid-19 on July 30, 2020, and that he

---

[1] In any event, nearly all prisoners have experienced altered conditions as a result of the Covid-19 pandemic during the past year. If this circumstance qualified as "extraordinary and compelling," nearly every prisoner in BOP custody would qualify for a sentence reduction under § 3582(c)(1)(A).

4

experienced flu-like symptoms, including fever, headache, shortness of breath, nausea, and fatigue. (Doc. 253-1, Medical Records). Fortunately, however, Jiggetts made a full recovery.[2] By August 9, 2020, he denied having any Covid-19 symptoms or complaints and he had been without fever for six days. Id. at 7–8. Similar circumstances have been deemed insufficient to qualify as "extraordinary and compelling" in other cases. See, e.g., United States v. Thomas, No. 8:10-cr-438-VMC-AAS, 2020 WL 4734913, at *1–2 (M.D. Fla. Aug. 14, 2020) (denying compassionate release to defendant who contracted Covid-19 and who complained of flu-like symptoms, including chest pain, headaches, and loss of taste and smell (collecting other cases)). Although Jiggetts asserts that the infection left his health in "shambles," he offers no evidence or medical records to substantiate that assertion. In addition, he neither asserts nor provides evidence that he suffers from any serious underlying conditions. Indeed, his Presentence Investigation Report (PSR) identifies no underlying health problems. (Doc. 199, PSR at ¶¶ 84, 85). Jiggetts essentially seeks compassionate release based on the possibility that he might contract Covid-19 again. But the mere risk of infection by coronavirus cannot independently justify compassionate release. Raia, 954 F.3d at 597.

---

[2] Jiggetts's blood oxygen saturation remained at or above 95% and there is no evidence he required supplemental oxygen. See id. at 2, 5.

And fortunately, the risk that Jiggetts will contract Covid-19 again is declining with the arrival of several effective vaccines. According to the BOP's latest data regarding Williamsburg FCI, 143 staff members and 667 of the facility's 1,467 inmates have been fully inoculated against Covid-19, representing about 45% of the inmate population.[3] As more inmates become vaccinated, the greater the inmate population will be protected from the transmission of coronavirus. Indeed, at the moment only one inmate and three staff members are positive for Covid-19 at Williamsburg FCI. Under all the circumstances, the Court concludes that Jiggetts has not established "extraordinary and compelling reasons" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1.[4]

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Jiggetts was convicted of conspiracy to distribute methylone, marijuana, 500 grams or more of cocaine, and 28 grams or more cocaine base, as well as carrying and using a firearm in relation to a drug trafficking crime. These are serious offenses on their own which, in conjunction with the circumstances of the offense and Jiggetts's criminal history, led the Court to impose an aggregate term of imprisonment

---

[3] https://www.bop.gov/coronavirus/. Last accessed May 17, 2021.

[4] The Court would reach the same conclusion even if it were not bound by U.S.S.G. § 1B1.13 and its definition of "extraordinary and compelling reasons."

of 130 months. Jiggetts has more than three years remaining on that sentence according to the BOP. In view of all the § 3553(a) factors, reducing Jiggetts's sentence is not warranted at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 253) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant